UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARY ELLEN SISK,                    )
                                    )
            Plaintiff,              )
                                    )
      vs.                           )        No. 4:08CV309-DJS
                                    )
THE PICTURE PEOPLE, INC.,           )
                                    )
            Defendant.              )


## ORDER


        Plaintiff Mary Ellen Sisk brings a complaint against
defendant The Picture People, Inc., her former employer, alleging
that defendant terminated her employment in retaliation for her
exercise of rights under the Family and Medical Leave Act of 1993
("FMLA"), 29 U.S.C. §2601, *et seq.*  Now before the Court is
defendant's motion for summary judgment.

        In determining whether summary judgment should issue, the
facts and inferences from these facts are viewed in the light most
favorable to the non-moving party, and the burden is placed on the
movant to establish both the absence of a genuine issue of material
fact and that it is entitled to judgment as a matter of law.
Fed.R.Civ.P. 56(c); Matsushita Electric Industrial Co. v. Zenith
Radio Corp., 475 U.S. 574, 586-87 (1986); Anderson v. Liberty
Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett,
477 U.S. 317, 322 (1986).  Once the movant has met this burden,

however, the non-moving party may not rest on the allegations in its pleadings but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). <u>See also</u> 10A C. Wright, A. Miller & M. Kane, <u>Federal Practice and Procedure</u> §2739 (1983).

The following facts are undisputed for purposes of the instant motion. Defendant operates photography studios, most of which are located in shopping malls. Plaintiff began her employment with defendant in March 2000, and in June 2005 became the manager of defendant's studio located in the West County shopping mall in St. Louis County, Missouri. On June 3, 2007, plaintiff left work with pain in her hip and went to the hospital. The next day plaintiff saw an orthopedic surgeon who recommended time off work. After feeling something "pop" in her hip on June 10, plaintiff went to the emergency room, and was admitted to the hospital.

On Tuesday, June 12, plaintiff had bilateral hip surgery. Defendant sent plaintiff a letter dated June 7, 2007, stating that as of June 3 plaintiff was being placed on an unpaid leave of absence pursuant to the FMLA because of her serious health condition. The letter stated that the full twelve weeks of FMLA leave available to plaintiff would expire on August 26, 2007. Plaintiff returned to work on August 20, 2007, after approximately eleven weeks of leave. Plaintiff's employment was terminated on August 23, 2007. There exists a dispute of fact as to whether

plaintiff resigned her employment on August 23 or whether defendant terminated her employment.

The statutory definition of an eligible employee under the FMLA expressly excludes "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. §2611(2)(B)(ii). Fewer than 50 employees were employed at plaintiff's worksite, and within 75 miles of that worksite defendant employed fewer than 50 people. The issues presented by the summary judgment motion are whether plaintiff's claim is defeated by the statutory exclusion, as defendant contends, or whether estoppel prevents the application of the exclusion, as plaintiff contends.

Defendant argues that because plaintiff's leave was not protected by the FMLA, she cannot maintain a claim for retaliation under the statute. Further, defendant contends that plaintiff cannot establish the elements of equitable estoppel because she cannot show that she reasonably relied to her detriment on the defendant's mistaken FMLA designation of her leave, where she received the erroneous FMLA designation only after her emergency surgery and hospitalization. Because the Court finds on the undisputed facts that defendant may be estopped from disputing that plaintiff's leave was covered by the FMLA, defendant's motion for summary judgment will be denied.

As applied by the Eighth Circuit in an FMLA context:

> The principle of [equitable] estoppel declares that a party who makes a representation that misleads another person, who then reasonably relies on that representation to his detriment, may not deny the representation.

Duty v. Norton-Alcoa Proppants, 293 F.3d 481, 493-94 (8th Cir. 2002), *quoting* Farley v. Benefit Trust Life Ins. Co., 979 F.2d 653, 659 (8th Cir. 1992). In Duty, the employer had sent the employee a letter expressly approving FMLA leave through a date well beyond the twelve weeks provided by the FMLA. In its brief analysis, the Eighth Circuit said it could "infer" the employee's reliance upon the misrepresentation from the fact that, at the end of the leave period as set forth in the employer's letter, the employee contacted the employer about returning to work. Duty's simple and straightforward treatment of the estoppel issue affirmed the district court's application of an estoppel against the employer, implicitly finding detrimental reliance established by such circumstances. In the Court's view, defendant does not successfully distinguish Duty from the case at bar.

Later, in Slentz v. City of Republic, Missouri, 448 F.3d 1008 (8th Cir. 2006), the Eighth Circuit distinguishes Duty in part because of the express representation in Duty as to the length of FMLA leave but also in part based on its observation that the employee in Slentz "could not have relied on the City's letter in electing surgery because his shoulder surgery was complete when he received the letter." Id. at 1011. Whether or not this latter

circumstance truly distinguishes <u>Slentz</u> from <u>Duty</u> is questionable, because Duty was also already on a medical leave of some duration when he received the critical letter from his employer. In any event, like the employee in <u>Duty</u> and unlike the employee in <u>Slentz</u>, plaintiff here received the employer's express computation of FMLA leave entitlement through a particular date. <u>Slentz</u> is therefore distinguishable from the case at bar.

In this district, in <u>Becker v. American Food & Vending Service of America, Inc.</u>, 2006 WL 1153820 (E.D.Mo. April 28, 2006) ["<u>Becker I</u>"], Judge Jean C. Hamilton denied the employer summary judgment because there existed a genuine issue of material fact as to the plaintiff/employee's reliance upon the employer's representation concerning FMLA leave. The estoppel issue arose as to the employer's assertion of the plaintiff's ineligibility for FMLA leave because, after sending the employee an FMLA leave request form, the employer "approved indefinite FMLA leave." As here, the employee was already out on medical leave at the time, begun after he collapsed at work and was taken to the hospital several weeks earlier.

In <u>Becker II</u> in 2007,[1] Judge Hamilton again denied the employer's second motion for summary judgment. In so doing, the judge clarified an earlier statement as to the "central question"

---

[1] Order of January 16, 2007 [Doc. #41] in the same case, <u>Becker v. American Food & Vending Service of America, Inc.</u>, Cause No. 4:05CV637-JCH.

posed by the "reasonable reliance" element of estoppel. Rather than whether or not, absent the employer's representation, the employee would have returned to work, Judge Hamilton expressly altered the proper question to be whether or not the employee knew or should have known that the statement was misleading.[2]  This Court adopts the Duty and Becker approaches to the estoppel requirement of detrimental reliance.

Defendant relies heavily on Myers v. Tursso Co., Inc., 2008 WL 474201 (N.D.Ia. 2008) [Myers II], and several other similar cases in which the plaintiff's apparent medical inability to make alternative arrangements was found to preclude detrimental reliance on FMLA leave.  The Court is not persuaded by such reasoning. Instead, the Court follows those cases, such as Becker, in which similar circumstances were not found to preclude estoppel.  See also Peters v. Gilead Sciences, Inc., 2006 WL 2054373 (S.D.Ind. July 21, 2006) ["The court finds [defendant's] argument a bit too narrow.  Many reasonable employees, when faced with the possibility of being replaced while on leave, would take all measured steps to return to work to avoid being discharged, even if that meant working through some level of pain."].

---

[2] Yet more recently in Murphy v. Fedex National LTL, Inc., 582 F.Supp.2d 1172 (E.D.Mo. 2008), Judge Hamilton again denied an employer summary judgment after holding that the employer was estopped from denying the plaintiff's FMLA eligibility because its agent had approved her leave request.

In this FMLA context, the Court finds that reliance does not necessarily require a choice between alternatives, but can include trust in the represented state of affairs as governing the situation in which the employee finds himself.[3] Even the Myers court once recognized that "the mere fact that [an employee's] leave was unforeseen does not necessarily mean that he did not rely on his employer's representations that it was covered by the FMLA, so that he would be eligible for FMLA leave for his involuntary absence and would be able to return to the same or an equivalent job when he returned from his involuntary absence." Myers v. Tursso Company, Inc., 496 F.Supp.2d 986, 999 (N.D. Iowa 2007) [Myers I]. In any event, Myers is distinguishable in that there the employer had made no representations to the employee that he was eligible to receive FMLA leave, id. at *6, and in fact, the employee admitted that he actually understood that the employees at his worksite were not eligible for FMLA leave. Id. at *19.

Defendant suggests a distinction between the interference claims in the case law and plaintiff's retaliation claim, but the argument is unpersuasive. Defendant further argues that plaintiff cannot make out the prima facie case for a retaliation claim because she cannot show she engaged in protected activity. In the Court's view, an estoppel would preclude this argument.

---

[3] As Judge Hamilton found of the defendant in Becker, defendant here "attempts to draw bright lines where none exist. Equitable estoppel is an equitable doctrine, where there are few bright line rules." Becker I, 2006 WL 1153820, *3 n.5.

Upon careful consideration, the Court concludes that defendant has not established its entitlement to judgment as a matter of law. The potential application of the estoppel precludes summary judgment in defendant's favor. Defendant's motion does not present a procedural occasion for the Court's consideration of a final determination that estoppel applies, although the Court here states its inclination so to find, on the undisputed facts of record at this time.

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. #17] is denied.

Dated this ____26th____ day of March, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE